UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ANASTASIA BARNES-PERRILLIAT, | Case No. 20-cv-02368-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| SOUTH OF MARKET HEALTH CENTER, | Re: ECF No. 24 |
| Defendant. | |

**INTRODUCTION**

This is one of several related cases involving plaintiffs who worked at the South of Market Health Center and who claim (1) race, gender, and age discrimination and retaliation in violation of federal law and (2) intentional and negligent infliction of emotional distress ("IIED" and "NIED") in violation of state law.[1] The defendant moved to dismiss the state claims on the grounds that (1) the statute of limitations has expired, and in any event, (2) the plaintiff did not plausibly plead that the Center has a duty as an employer that is a predicate for a claim of NIED, and the plaintiff did not plausibly plead a claim for IIED.[2] The court grants the motion.

---

[1] First Amend. Comp. ("FAC") – ECF No. 22 at 14–20 (¶¶ 56–88); *see, e.g.*, *Rowe v. S. of Mkt. Health Ctr.*, No. 3:19-cv-06482-LB, Order – ECF No. 31. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 24.

ORDER – No. 20-cv-02368-LB

# STATEMENT

The Health Center hired the plaintiff, an African-American female, in September 2015 as a director of nursing (a supervisor position) and later demoted her to a nurse practitioner.[3] She claims differential treatment in the form of poor work assignments, denial of vacation requests, and inferior work conditions, particularly after her supervisor (also an African-American female) left the center in 2016 and thus no longer protected her.[4] Her new supervisor and other employees thereafter humiliated and harassed her, and the Health Center had implicit and direct knowledge of this.[5] She was "forced to resign" in August 2017 to "avoid further discriminatory and retaliatory treatment."[6] After her resignation, employees of the Health Center "made exaggerated and retaliatory claims against [the p]laintiff to the California Board of Registered Nursing."[7] This "discriminatory and retaliatory conduct" continued "at various intervals in 2018, 2019, and through at least August 2020" and resulted in the plaintiff's experiencing severe emotional distress.[8]

The plaintiff's first complaint had the same federal and state law claims against the Center and its CEO.[9] Following the defendant's motion, the court dismissed the claims against the CEO without leave to amend (because the plaintiff did not dispute the motion) and dismissed the IIED and NIED claims with leave to amend (generally because the plaintiff did not dispute that she did not plead facts establishing that the lawsuit was timely as to those claims).[10] Also, in a related case involving the same lawyers, the court analyzed the issues thoroughly, holding that there was no duty that was a predicate for an NIED claim, and the plaintiff did not plausibly plead an IIED

---

[3] *Id*. at 6 (¶ 31).
[4] *Id*. (¶ 32).
[5] *Id*. (¶ 37).
[6] *Id*. at 7, 11 (¶¶ 38, 40).
[7] *Id*. at 9–10 (¶ 39(o)).
[8] *Id*. at 10 (¶ 39(q)).
[9] Compl. – ECF No. 1.
[10] Order – ECF No. 21.

claim.[11] After the dismissal, the plaintiff filed an amended complaint adding the allegations about conduct after she resigned in August 2017.[12] The defendant moved to dismiss the IIED and NIED claims.[13] All parties consented to magistrate-judge jurisdiction.[14] The court held a hearing on December 17, 2020.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co*., 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

---

[11] *Rowe*, No. 3:19-cv-06482-LB, Order – ECF No. 31 at 10–13.

[12] FAC – ECF No. 22.

[13] Mot. – ECF No. 24.

[14] Consents – ECF Nos. 5 & 16.

# ANALYSIS

The defendant moves to dismiss on the following grounds: (1) the IIED and NIED claims were not timely filed within the two-year statute of limitations, and (2) the plaintiff did not plausibly plead a duty that is a predicate for any claim of NIED and did not plausibly plead facts showing IIED.[15] The court grants the motion.

## 1. Statute of Limitations

The statute of limitations is two years. Cal. Code Civ. P. § 335.1; *Soliman v. CVS RX Servs., Inc.*, 570 Fed. Appx. 710, 711 (9th Cir. 2014). "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010) (quotation omitted). It is apparent here: the plaintiff resigned in August 2017 and filed her lawsuit over two years later, on April 8, 2020.

The plaintiff nonetheless contends that the EEOC proceedings tolled the statute of limitations.[16] It does not. Courts in this district follow *Arnold v. United States*, where the Ninth Circuit held that filing a Title VII complaint with the EEOC did not equitably toll state tort claims. 816 F.2d 1306, 1312–13 (9th Cir. 1987); *see e.g.*, *Castagna v. Luceno*, 744 F.3d 254, 258 (2d Cir. 2014) ("filing an EEOC charge does not toll the time for filing state tort claims, including those that arise out of the same nucleus of facts alleged in the charge of discrimination filed with the EEOC.")

The plaintiff also contends that her new allegations — about the Center's alleged retaliatory comments to the Board of Nursing — establish a continuing violation, even without equitable tolling.[17] They do not. The plaintiff's claims accrued at the latest in August 2017, when she left her job. *Cha v. Kaiser Permanente*, No. C-14-4672-EMC, 2015 WL 3758287, at *10 (N.D. Cal. May 6, 2015).

---

[15] Mot. – ECF No. 24 at 5–9.
[16] Opp'n – ECF No. 27 at 7–8.
[17] *Id.* at 8.

ORDER – No. 20-cv-02368-LB                             4

### 2. NIED and IIED Claims

It is dispositive that the claims are barred by the statute of limitations, but the plaintiff also does not plausibly plead NIED or IIED claims.

In California, "[a] cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Kelley v. Conco Cos.*, 196 Cal. App. 4th 191, 215 (2011). "A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (internal quotation marks omitted).

Negligent infliction of emotional distress is a form of the tort of negligence and has the following elements: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Huggins v. Longs Drug Stores California, Inc.*, 6 Cal. 4th 124, 129 (1993); *see Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992) (elements for negligent infliction of emotional distress include (1) the defendant engaged in negligent conduct involving the usual issues of duty and breach, (2) the plaintiff suffered serious emotional distress, and (3) the defendant's conduct was a substantial factor in causing the emotional distress suffered by plaintiff). A duty to the plaintiff may be "imposed by law, be assumed by the defendant, or exist by virtue of a special relationship." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985 (1993) (citing *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 590 (1989)).

Under California law, there is no duty to avoid negligently causing emotional distress to another. *Id.* at 984.

> [U]nless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the emotional distress arises out of the defendant's breach of some other legal duty and the emotional distress is proximately caused by that breach of duty. Even then, with rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests.

*Id.* at 985. Therefore, a plaintiff must allege a duty owed to the plaintiff regarding her emotional condition or allege that her emotional distress arises out of the defendant's breach of some other legal duty. *Brahmana v. Lembo*, No. C–09–00106 RMW, 2010 WL 290490, at *2 (N.D. Cal. Jan.

United States District Court
Northern District of California

15, 2010). And in a case like this, which involves "direct victim" liability, there must be a duty "that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between" the parties. *Marlene*, 48 Cal. 3d at 590.

First, the plaintiff excerpts paragraphs from her complaint about her employer's treatment of her,[18] but she does not meaningfully respond to the defendant's argument that there is no special duty that the employer owed to the employee.[19] *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990) (employers have no duty to refrain from "'conducting themselves with respect to" its employee "because of the foreseeability of risk of harm to [the employee's] mental health"). Also, even if there were a duty, it ended with the employment relationship, and the claim thus is barred by the statute of limitations.

Second, the plaintiff alleges intentional (not negligent) conduct by her supervisor. *See id*. ("An employer's supervisory conduct is inherently intentional.") (cleaned up). The plaintiff's allegations are about her employer's treatment of her through personnel actions. But an employer's criticizing, disciplining, and firing an employee (for example) are not "outrageous" acts establishing a claim. *Janken v. GM Hughes Elect*, 46 Cal. App. 4th 55, 80 (1996).

> Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.

*Id.*

The plaintiff's counsel made a good point at the hearing about the sufficiency of the allegations at the pleadings stage. *But cf. id.* (the remedy is a suit against the employer for discrimination); *Cha*, 2015 WL 3758287, at *10 (in the context of a disability-discrimination claim, dismissed IIED claim for failure to plead "outrageous conduct beyond the bounds of human

---

[18] *Id.* at 9–12.

[19] Mot. – ECF No. 24 at 6–8; Reply – ECF No. 30 at 4.

ORDER – No. 20-cv-02368-LB      6

decency;" "personnel decisions [that] are improperly motivated do not involve outrageous conduct sufficient to support an IIED claim") (citations omitted and cleaned up).

In any event, because the claim is barred by the statute of limitations, the court dismisses it without leave to amend.

## CONCLUSION

The court grants the motion to dismiss. In a related case involving the same lawyers and the same defendant, the court issued orders with the same legal analysis. The dismissal of the NIED and IIED claims is with prejudice.

This disposes of ECF No. 24.

**IT IS SO ORDERED.**

Dated: December 19, 2020

_____
LAUREL BEELER
United States Magistrate Judge